UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:25-cv-61142-RS

KATHLEEN HEIDECK,

    Plaintiff,

-vs-

MOMNT SERVICING COMPANY LLC,
ALCO WINDOWS AND DOORS LLC,
CROSS RIVER BANK, TRANS UNION LLC,
and EXPERIAN INFORMATION SOLUTIONS, INC.

    Defendants.
_____/

**AFFIDAVIT OF PLAINTIFF IN SUPPORT OF RESPONSE TO DEFENDANT MOMNT SERVICING COMPANY, LLC'S MOTION TO COMPEL ARBITRATION**

1. My name is Kathleen Heideck. I am over eighteen years old, competent to testify, and make this affidavit based on personal knowledge and under penalties of perjury.

2. I am the named Plaintiff in the above-styled action and this affidavit is made in response to the motion to compel arbitration filed by Defendant, Momnt Servicing Company, LLC ("Momnt").

3. On June 12, 2024, a sales representative named David Soto from Co-Defendant, Alco Windows and Doors, LLC ("Alco"), came to my home at approximately 2:00 pm to discuss a window replacement project.

4. Mr. Soto left my home at approximately 4:30 pm.

5. During that visit, Mr. Soto measured my windows and discussed financing options.

6. When discussing the financing options, Mr. Soto told me he would arrange for financing through a company called Momnt.

7. Mr. Soto completed the financing application on his own device.

8. At no point during the application process did Mr. Soto hand me the device, show me anything on the device, or ask me to review or click anything on the device.

9. During the application process, Mr. Soto never discussed or mentioned arbitration, arbitration clauses, or waiver of my right to sue in court.

10. During the application process, I never electronically reviewed or consented to any arbitration agreement.

11. Mr. Soto did not ask me to check any boxes on the device, click any links on the device, or type anything into his device.

12. Mr. Soto handled the entire loan application process himself.

13. I did not provide an electronic signature or consent to sign any documents electronically, much less an arbitration agreement.

14. I did not view or sign anything on Mr. Soto's device, and I did not use a device to interact with Momnt's platform.

15. Mr. Soto completed the loan application and told me I was approved for the loan with Momnt.

16. At approximately 4:14 p.m., I received a single text message asking me to approve a $12,000 payment to Alco. Exhibit A.

17. This was the first time I received any communication related to the financing with Momnt.

18. The text message never mentioned arbitration or any other terms or conditions.

19. I did not receive any prior hyperlinks, texts, or emails from Mr. Soto, Alco, or Momnt inviting me to apply for financing or directing me to complete any loan application.

20. Mr. Soto never provided me a copy of any borrower agreement or loan documents, nor was I provided with them afterward.

21. I am informed that Momnt claims I agreed to the loan and clicked multiple hyperlinks and boxes at 7:22 p.m. on June 12, 2024, however, Mr. Soto was no longer at my home at 7:22 pm on June 12, 2024, and I also did not sign or agree to anything at 7:22 pm on June 12, 2024, on my own.

22. I am informed that Momnt claims I agreed to an E-Sign Disclosure and Consent form, TCPA Consent, Privacy Policy, and Terms of Use, however, I never saw, reviewed, or clicked to agree to any E-Sign Disclosure and Consent form, TCPA Consent, Privacy Policy, Terms of Use, and Mr. Soto never discussed these documents with me.

23. I did not receive a one-time passcode to verify my phone number, nor did I receive any prompt or link to electronically sign documents.

24. If someone had told me that agreeing to finance through Momnt would waive my right to sue in court, I would not have agreed to waive my rights.

25. I never consented to allow Mr. Soto to agree to arbitration or waive my rights.

26. I never consented to arbitrate or to be bound by any arbitration agreement.

27. During the financing process, I believed I was simply being approved for financing based on Mr. Soto's oral explanation, and I had no idea arbitration was involved.

28. At no time did I knowingly assent to any arbitration provision.

29. Any actions taken on Momnt's platform on June 12, 2024, were taken by someone other than me.

30. I never received a copy of the borrower agreement either electronically or physically before or after June 12, 2024, until I was informed that Momnt intended to compel arbitration in this lawsuit.

31. I was not given a meaningful opportunity to review or reject the terms of any loan or arbitration clause.

32.     It is my understanding that several lawsuits have been filed against Alco for fraudulent business practices and that Alco is no longer in business.

33.     All of the information contained in this affidavit is true and correct to the best of my knowledge and belief.

*Kathleen Heideck*   08 / 06 / 2025

Kathleen Heideck

Doc ID: 9db163f0e976b3ffe19f5882f03f9967aa058674